**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC; and FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>FIRST 100, LLC,<br><br>　　　　　Defendant. | Case No.: 2:18-cv-01062-MMD-EJY<br><br>**ORDER GRANTING DEFAULT JUDGMENT AGAINST FIRST 100, LLC** |

Plaintiffs Nationstar Mortgage LLC and Federal Home Loan Mortgage Corporation (**Freddie Mac**) (collectively, **plaintiffs**) filed a request for entry of judgment by default in favor of plaintiffs against defendant First 100, LLC pursuant to Federal Rule of Civil Procedure 55(b)(2). Plaintiffs moved on the ground First 100 failed to appear or otherwise respond to plaintiffs' complaint within the time prescribed by the Federal Rules of Civil Procedure, and the Clerk of Court entered default against First 100 on September 19, 2018. ECF No. 13.

Plaintiffs do not seek an award of monetary damages or attorneys' fees and costs, but rather request this Court to enter judgment against First 100 as follows: (1) First 100 acquired its ownership interest in real property located at 260 East Flamingo Road #320, Las Vegas, Nevada, APN 162-16-810-501 subject to the senior deed of trust recorded against the property on August 25, 2006 as

1

50367655;2

instrument number 20060825-0003916; and (2) First 100's interests in the property were extinguished when Freddie Mac foreclosed on the senior deed of trust and conducted a nonjudicial foreclosure sale of the property on March 7, 2014.

## I.  Findings of Fact

On or about August 16, 2006, Catherine Egan (**borrower**) obtained a $300,000 loan from Taylor, Bean & Whitaker Mortgage Corp., which was secured by a senior deed of trust recorded on August 25, 2006 in the Clark County recorder's office as instrument number 20060825-0003916. In October 2006, Freddie Mac acquired ownership of the loan, including the underlying promissory note and deed of trust. The senior deed of trust was assigned to Ocwen Loan Servicing LLC in an assignment recorded on November 14, 2011 in the Clark County recorder's office as instrument number 201111140002756. The senior deed of trust was subsequently assigned to Nationstar in an assignment recorded on June 3, 2013 in the Clark County recorder's office as instrument number 201306030000448. The senior deed of trust was assigned to Freddie Mac in an assignment recorded on March 12, 2014 in the Clark County recorder's office as instrument number 201403120000078.

The borrower failed to pay the assessments due to the HOA. On November 24, 2009, the HOA, through its agent Red Rock Financial Services, recorded a lien for delinquent assessments in the Clark County recorder's office as instrument number 200911240001842. The HOA, through Red Rock, also recorded: (1) a notice of default and election to sell pursuant to the lien for delinquent assessments on January 29, 2010 in the Clark County recorder's office as instrument number 201001290001965; (2) a notice of foreclosure sale on November 26, 2012 in the Clark County recorder's office as instrument number 201211260002736; and (3) a second notice of foreclosure sale on June 18, 2013 in the Clark County recorder's office as instrument number 201306180001799. The HOA foreclosed on the property on or about July 13, 2013. A trustee's deed upon sale in favor of First 100 was recorded on July 16, 2013 in the Clark County recorder's office as instrument number 201307160002107.

The borrower also defaulted on her mortgage loan and failed to repay the amounts due under the note at the time such sums were due and payable pursuant of the terms of the note. A notice of default was recorded on September 20, 2013 in the Clark County recorder's office as instrument

2

number 201309200002721.  A notice of trustee's sale was recorded on January 22, 2014 in the Clark County recorder's office as instrument number 201401220002414.  On March 7, 2014, the senior deed of trust was foreclosed upon pursuant to borrower's default, and a trustee's sale of the property was held.  A trustee's deed upon sale naming Freddie Mac as the grantee as foreclosing beneficiary was recorded on March 24, 2014 in the Clark County recorder's office as instrument number 20140324-0001806.

## II. **Procedural History**

Plaintiffs filed their complaint to quiet title and for declaratory judgment and injunctive relief against First 100 on June 12, 2018.  ECF No. 1.  Freddie Mac alleged, *inter alia*, that its deed of trust continued to encumber the property after the HOA foreclosure sale because notwithstanding any contrary Nevada law, the Housing and Economic Recovery Act of 2008 (**HERA**), Pub. L. No. 110–289, 122 Stat. 2654, *codified at* 12 U.S.C. § 4511 *et seq.*, prevented the HOA foreclosure sale from extinguishing any lien owned by Freddie Mac while Freddie Mac is under the conservatorship of the Federal Housing Finance Agency.  *See generally* ECF No. 1.

Plaintiffs regularly served the summons and complaint on First 100 on June 22, 2018.  ECF No. 9.  First 100's response was due July 13, 2018.  Neither plaintiffs nor the Court granted First 100 any extension of time.  First 100 failed to appear or otherwise respond to the complaint within the time required under the Federal Rules of Civil Procedure.  ECF Nos. 10 and 12.  The Clerk of the Court entered default against First 100 on September 19, 2018.  ECF No. 13.

## III. **Legal Standard**

Federal Rule of Civil Procedure 55 details a two-step procedure for obtaining a default judgment, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed R. Civ. P. 55(a); *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986).  First, the clerk must enter default against the party.  Fed R. Civ. P. 55(a).  Second, the party seeking default judgment must petition the district court for entry of default judgment.  Fed R. Civ. P. 55(b)(2).

When determining whether the entry of default judgment is proper, the Ninth Circuit reviews the following factors: (**1**) the possibility of prejudice to the plaintiff; (**2**) the merits of the plaintiff's

50367655;2

substantive claims; (**3**) the sufficiency of the complaint; (**4**) the sum of money at stake in the action; (**5**) the possibility of a dispute concerning material facts; (**6**) whether the default was due to the excusable neglect; and (**7**) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72. In applying the *Eitel* factors, the well-pleaded factual allegations of the complaint are taken as true after the court clerk enters a default, except for the allegations relating to damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). "Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment." *Id.* at 917. In particular, a court may require a moving party to "establish the truth of any allegation by evidence." Fed R. Civ. P. 55(b)(2)(C).

## IV. <u>Conclusions of Law</u>

The Court grants plaintiffs' request for the entry of default judgment against First 100. Plaintiffs properly served the summons and complaint on First 100, and the Clerk of Court properly entered default against First 100. When applying the *Eitel* factors, and for the reasons set forth in plaintiffs' renewed motion for default judgment, ECF No. 18, the Court finds the circumstances warrant entry of default judgment against First 100. *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986); *see also* FRCP 55.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

4

50367655;2

**V.     Default Judgment and Order**

**IT IS ORDERED** that plaintiffs' request for entry of default judgment against First 100 is **GRANTED**. Freddie Mac's deed of trust was not extinguished by the HOA's foreclosure sale under the Federal Foreclosure Bar, 12 U.S.C. § 4617(a)(2), and Freddie Mac's subsequent foreclosure sale was therefore valid.

**IT IS FURTHER ORDERED** that plaintiffs' complaint is well-plead and asserts meritorious claims against First 100.

**IT IS FURTHER ORDERED** that First 100 was properly served and had ample opportunity to participate in this litigation.

**IT IS FURTHER ORDERED** that First 100 has no interest in the property, its interest having been extinguished by Freddie Mac's foreclosure sale under its deed of trust on March 7, 2014.

**IT IS FURTHER ORDERED** that the lis pendens recorded by plaintiffs against the property with the Clark County, Nevada Recorder as Instrument No. 20180613-0001299 is expunged.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT COURT JUDGE**

**DATED**: October 8, 2019